IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LINDA SPIVEY,** | ) |
| **Plaintiff,** | ) |
| v. | ) CASE NUMBER: |
| | ) 2:07-CV-594-WHA |
| **FRED'S, INC.,** | ) |
| **Defendant.** | ) |

## ANSWER

Comes Now the Defendant, Fred's Stores of Tennessee, Inc., incorrectly identified in Plaintiff's Complaint as "Fred's, Inc." (hereinafter "Fred's") and for Answer to Plaintiff's Complaint, and to each count and paragraph thereof, separately and severally, set down and assign the following separate and several defenses and state as follows:

### I.   PARTIES

1. Fred's is without sufficient information to admit or deny the allegations set forth in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2. Fred's denies the allegations as set forth in Paragraph 2 of Plaintiff's Complaint.

### II.   JURISDICTION AND VENUE

3. Fred's denies the allegations set forth in Paragraph 3 of Plaintiff's Complaint and demands strict proof thereof.

4. Fred's denies the allegations set forth in Paragraph 4 of Plaintiff's Complaint and demands strict proof thereof.

### III.  FACTUAL ALLEGATIONS

7.  Fred's is without sufficient information to admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8.  Fred's denies the allegations set forth in Paragraph 8 of Plaintiff's Complaint and demands strict proof thereof.

9.  Fred's denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

10. Fred's denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint, contests damages, and demands strict proof thereof.

### IV.  CAUSES OF ACTION

### COUNT ONE – NEGLIGENCE

11. Fred's readopts and realleges all previous responses to prior paragraphs of Plaintiff's Complaint as if fully set forth herein.

12. Fred's denies the allegations set forth in Count One, Paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.

13. Fred's denies the allegations set forth in Count One, Paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14. Fred's denies the allegations set forth in Count One, Paragraph 14 of Plaintiff's Complaint, contests damages, and demands strict proof thereof.

### COUNT TWO – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

15. Fred's readopts and realleges all previous responses to prior paragraphs of Plaintiff's Complaint as if fully set forth herein.

16. Fred's denies the allegations set forth in Count Two, Paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17. Fred's denies the allegations set forth in Count Two, Paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18. Fred's denies the allegations set forth in Count Two, Paragraph 18 of Plaintiff's Complaint, contests damages, and demands strict proof thereof.

## V.    PRAYER FOR RELIEF

19. Fred's readopts and realleges all previous responses to prior paragraphs of Plaintiff's Complaint as if fully set forth herein.

20. Fred's denies the allegations set forth in Plaintiff's Prayer for Relief, contests damages, and demands strict proof thereof.

## FIRST DEFENSE

This defendant pleads not guilty.

## SECOND DEFENSE

This defendant denies each and every material allegation of the complaint and demands strict proof thereof.

## THIRD DEFENSE

This defendant denies that it acted wantonly or negligently on the occasion described in the plaintiff's complaint.

## FOURTH DEFENSE

This defendant pleads the affirmative defense of contributory negligence.

## FIFTH DEFENSE

This defendant asserts that the area in question was open and obvious.

**SIXTH DEFENSE**

This defendant denies that the plaintiff is injured to the extent as alleged in the complaint and demands strict proof thereof.

**SEVENTH DEFENSE**

This defendant states this matter is due to be dismissed as the complaint was filed outside of the applicable statute of limitations.

**EIGHTH DEFENSE**

Defendant asserts Ala. Code §12-21-45 (1975), pursuant to Dixie Marsh v. Rodgers Green, M.D., 782 So.2d 223 (Ala. 2000), as its Eighth Affirmative Defense. Plaintiff claims damages for medical expenses and/or hospital expenses which have been, or which will be reimbursed or paid, in part or in full.

**NINTH DEFENSE**

This defendant denies that it had actual or constructive notice of any dangerous or defective condition on its premises as alleged in the Complaint.

**TENTH DEFENSE**

This defendant asserts that it are entitled to a set-off or credit of any and all settlement amounts paid by any party or potential party to this litigation, with or not named herein, pursuant to Williams v. Colquitt, 272 Ala.577, 133 So. 2d 364 (Ala. 1961), and its progeny.

**ELEVENTH DEFENSE**

With regard to punitive damages, this defendant pleads the following punitive damages defenses:

4

1.   Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

   a.   It is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b.   The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

   c.   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

   d.   The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provides vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   e.   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

   f.   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

   g.   The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred.

   h. The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2. Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

   a. It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants;

   c. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

   d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

   e. The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3. Plaintiff's attempt to impose punitive or extracontractual damages on these Defendants, on the basis of vicarious liability for the conduct by others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4. The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

5. The award of punitive damages against the Defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

6. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 6, of the Alabama Constitution.

## TWELFTH DEFENSE

This defendant denies it breached any duty to the plaintiff.

## THIRTEENTH DEFENSE

This defendant denies that the plaintiff is legally entitled to recover damages from this defendant.

## FOURTEENTH DEFENSE

This defendant avers that there is no causal connection or relationship between any alleged negligence on the part of the defendant and the plaintiff's injuries or damages.

## FIFTEENTH DEFENSE

Fred's pleads any other matter constituting avoidance or affirmative defense not specifically set out herein and hereby reserves the right to amend this Answer to include any such avoidance or affirmative defense as they may become known or available.

## SIXTEENTH DEFENSE

This defendant reserves the right to amend its answer as future discovery may dictate.

                          Respectfully Submitted,

                          s/Daniel S. Wolter
                          Daniel S. Wolter (WOL012)
                          Ashley E. Manning (MAN048)
                          Attorneys for Fred's Stores of Tennessee, Inc.

**OF COUNSEL:**
**Gaines, Wolter & Kinney, P.C.**
3500 Blue Lake Drive
Suite 425
Birmingham, AL 35243
Phone: (205) 980-5888
Fax:     (205) 980-1098

## CERTIFICATE OF SERVICE

      I hereby certify that on July 3, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jackson B. Harrison, Esq.
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, Alabama 36117


                                              s/Daniel S. Wolter
                                              OF COUNSEL