UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| LINDA SPIVEY | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. **2:07-CV-594-WHA** |
| FRED'S, INC. | ) |
| Defendant. | ) |

RECEIVED 2008 APR 24 P) 3: 19
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

### PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiff, Linda Spivey, by and through undersigned counsel, and submits the Plaintiff's Response to the Defendant's Motion for Summary Judgment. In support of stated Response the Plaintiff states as follows:

### FACTS

1) The Plaintiff's was injured on November 11, 2006 in the Defendant's store in Montgomery, AL. (See the Defendant's Exhibit B, p.21 lines 11-23 and p.25 lines 5-13).

2) The Plaintiff was injured by a large picture falling from the wall in the Defendant's store. (See the Defendant's Exhibit B, p.25 lines 1-20 and p.39 lines 5-6).

3) The Defendant wrongfully asserts to this Court that the Plaintiff has no evidence that the Defendant was not making sure the picture frames were secure on the walls. This assertion is false because it is clear that the Defendant did not secure the picture frames on the wall. (See the Defendant's Exhibit B, p.25 lines 1-20 and p.39 lines 5-6). In fact the

      picture frame that fell and caused the Plaintiff injury was surely not reasonably secure and fixed to the wall.

4)    The Plaintiff is clearly asserting that the Defendant was negligent in maintaining a reasonably safe environment on November 11, 2007. Further, the Plaintiff is asserting that the Defendant's negligent act of failing to maintaining a reasonably safe environment on November 11, 2007 caused the Plaintiff to suffer damage.

5)    Bonita Wilson, a resident of Elmore County, Alabama, informed the Defendant in 2005 and 2006 that she had witnessed several items, including pictures, fall from shelves in the Defendant's store on the Boulevard in Montgomery, Alabama. (Plaintiff's Exhibit "A").

**ARGUMENT**

6)    "Summary judgment is appropriate where 'there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.'" Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co., 483 F.3d 1265, 1268 (11th Cir. 2007) (Quoting Johnson v. Bd. of Regents, 263 F.3d 1234, 1242 (11th Cir. 2001)).

7)    "On motion for summary judgment, evidence of non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Allen v. Tyson Foods, Inc, 121 F.3d 642, 646 (11th Cir.1997).

8)    Here, the Defendant knew or should have known that that the environment was not reasonably safe for its customers on November 11, 2006. It knew or should have known because the Defendant was informed by Bonita

Wilson that pictures had fallen in 2005 and 2006. Under <u>Allen</u>, this Court in ruling on a summary judgment must believe the evidence of the non-moving party. Further, the Plaintiff's affidavit provides this Court with evidence that the Defendant did in fact have knowledge that pictures could likely fall on customers. As a result, this Court must find under the ruling in <u>Allen</u>, the Defendant's Motion for Summary Judgment is due to be denied. This evidence proves that the Defendant had notice and failed to maintain a reasonably safe environment for its customers. This failure to act is negligent. The Defendant's negligence caused the Plaintiff damage which precipitated her filing the above styled cause of action.

9) The Defendant's Motion for Summary Judgment on the Plaintiff's claim for mental anguish is due to be denied for the reasons set out above.

WHEREFORE the Plaintiff requests that this Honorable Court deny the Defendant's Motion for Summary Judgment.

Respectfully submitted this the 24th day of April, 2008.

Jackson B. Harrison (HAR285)
Attorney for Plaintiff

OF COUNSEL:
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, AL 36117
(334) 819-8920
(334) 819-8923 fax

**CERTIFICATE OF SERVICE**

  I hereby certify that I have served a copy of the above and foregoing upon the following persons by means of delivery shown below and to the location designated, properly addressed and delivery charges prepaid on this the 24th day of April, 2008, viz:

DANIEL S. WOLTER, ESQ.
ASHLEY MANNING, ESQ.
GAINES, WOLTER & KINNEY, P.C.
3500 BLUE LAKE DR.
SUITE 425
BIRMINGHAM, AL 35243

[ xx ] U.S. MAIL [ ] HAND DELIVERY [ ] FACSIMILE [ / ] FEDEX

_____
OF COUNSEL

PLAINTIFF'S EXHIBIT "A"

## AFFIDAVIT

Before me, the undersigned, personally appeared Linda Spivey, who being known to me and by me first duly sworn, deposes and says as follows:

My name is Linda Spivey. I present this affidavit in the United States District Court for the Middle District of Alabama to serve as evidence in my pending case against Fred's Inc. I, Linda Spivey, state as follows:

1) It is my belief and assertion that the environment at Fred's Pharmacy on the Boulevard in Montgomery, AL was not reasonably safe for me or any other customer shopping that day.

2) Bonita Wilson, a resident of Elmore County, AL has informed me that she has witnessed at Fred's Pharmacy on the Boulevard in Montgomery, AL pictures and other items fall from shelves positioned above eight to ten feet. Further, Bonita Wilson witnessed these items fall in the year 2005 and 2006. Lastly, that Bonita Wilson informed the management of Fred's Pharmacy on the Boulevard in Montgomery, AL that the items had fallen because one of the items came close to striking a small child in her care.

Further, deponent sayth not.

*Linda Spivey*
Linda Spivey, Affiant

1

Sworn to and subscribed before me on this the 24th day of April, 2008.

_____
Notary Public
My Commission Expires: 8-1-10

2