IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA SPIVEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NUMBER: ) 2:07-CV-594-WHA |
| FRED'S, INC., | ) ) |
| Defendant. | ) |

**DEFENDANT FRED'S STORES OF TENNESSEE, INC.'S MOTION TO STRIKE AFFIDAVIT OF LINDA SPIVEY**

Comes Now the Defendant, Fred's Stores of Tennessee, Inc. (hereinafter "Fred's") and files this Motion to Strike the Affidavit of Linda Spivey, attached as Exhibit A to Plaintiff's Response to the Defendant's Motion for Summary Judgment. In support thereof, Fred's states as follows:

In her affidavit, Plaintiff Linda Spivey states as follows:

Bonita Wilson, a resident of Elmore County, AL has informed me that she has witnessed at Fred's Pharmacy on the Boulevard in Montgomery, AL pictures and other items fall from shelves positioned above eight to ten feet. Further, Bonita Wilson witnessed these items fall in the year 2005 and 2006. Lastly, that Bonita Wilson informed the management of Fred's Pharmacy on the Boulevard in Montgomery, AL that the items had fallen because one of the items came close to striking a small child in her care.

(See Exhibit A, attached to Plaintiff's Response to Defendant's Motion for Summary Judgment). It is clear Spivey presents this sworn testimony to create an issue of fact in an effort to defeat summary judgment in this case. This affidavit contradicts Linda Spivey's prior testimony.

On September 18, 2007, Fred's propounded Interrogatories upon the Plaintiff. (See Interrogatories, attached hereto as Exhibit A). Interrogatories Numbers 14, 15, 17 and 19 requested specific information from Spivey regarding any conversations between Spivey and anyone else regarding the incident as well as information regarding any individuals with any knowledge of the incident or with whom Spivey has discussed the incident or obtained written or oral statements. (Exhibit A). On March 10, 2008, Spivey provided responses to Fred's Interrogatories. (See Plaintiff's Answers to Defendant's Interrogatories, attached as Exhibit B). Spivey failed to identify Bonita Wilson in these responses and makes no reference to the conversation outlined in Spivey's affidavit. (Exhibit B).

Further, in her deposition, Spivey failed to identify by name any employees or customers that she spoke with regarding this incident. (See Deposition of Linda Spivey, p. 46, lines 16-23, p. 47, lines 1-10, p. 51, lines 10-20, p. 86, lines 12-23, p. 89, lines 3-22, attached as Exhibit B to Fred's Evidentiary Submission in Support of Memorandum in Support of Motion for Summary Judgment). She also denied talking to anyone else about the incident and denied obtaining any statements from anyone. (See Deposition of Linda Spivey, p. 89, lines 3-22, attached as Exhibit B to Fred's Evidentiary Submission in Support of Memorandum in Support of Motion for Summary Judgment). Finally, in her deposition, Spivey testified that she has no evidence to support that Fred's had any knowledge of any dangerous condition involving the picture frame. (See Deposition of Linda Spivey, Exhibit B, p. 49, lines 9-13, p. 82, lines 2-7, attached as Exhibit B to Fred's Evidentiary Submission in Support of Memorandum in Support of Motion for Summary Judgment). Spivey further testified that no Fred's employee gave her any

indication that they were aware the picture frame could fall and had failed to secure it on the shelf. (See Deposition of Linda Spivey, p. 82, lines 16-23, p. 83, lines 1-4, attached as Exhibit B to Fred's Evidentiary Submission in Support of Memorandum in Support of Motion for Summary Judgment).

Through her affidavit, Spivey now attempts to create an issue of fact as to whether Fred's had notice of any alleged dangerous condition on its premises. The law is clear that the Plaintiff cannot proffer a sworn affidavit that directly contradicts prior sworn testimony to create a question of fact to defeat summary judgment. Shows v. Mayfield Oil Co., Inc., 743 So. 2d 465 (Ala. Civ. App. 1999)(citing Lady Corinne Trawlers, inc. v. Zurich Ins. Co., 507 So. 2d 915, 917-18 (Ala. 1987).

To allow a Plaintiff to submit an affidavit similar to the affidavit submitted by Spivey would render the discovery process unnecessary. Plaintiffs in all cases would simply change their testimony to create a question of fact in order to defeat summary judgment in every case. Spivey locked herself into her testimony when she provided responses to Fred's Interrogatories and when her deposition was taken. She should not be allowed to now identify by name a previously unidentified witness and provide testimony that contradicts her prior testimony in this case.

WHEREFORE, PREMISES CONSIDERED, Defendant Fred's Stores of Tennessee, Inc. respectfully requests that the Affidavit of Linda Spivey be stricken from the record and not considered in support of Plaintiff's Response to Defendant's Motion for Summary Judgment.

RESPECTFULLY SUBMITTED this the 1st day of May, 2008.

/s/ Ashley E. Manning
Daniel S. Wolter (WOL012)
Ashley E. Manning (MAN048)
Attorneys for Defendant Fred's Stores of Tennessee, Inc.

**OF COUNSEL:**

Gaines, Wolter & Kinney, P.C.
3500 Blue Lake Drive
Suite 425
Birmingham, AL 35243
(205) 980-5888 Phone
(205) 980-1098 Fax

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 1, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jackson B. Harrison, Esq.
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, Alabama 36117

/s/ Ashley E. Manning
OF COUNSEL

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA SPIVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NUMBER: |
| ) | 2:07-CV-594-WHA |
| FRED'S, INC., ) | |
| ) | |
| Defendant. ) | |

## INTERROGATORIES TO PLAINTIFF

COMES NOW Fred's Stores of Tennessee, Inc. (incorrectly identified in Plaintiff's Complaint as "Fred's, Inc."), Defendant in the above-referenced matter, and propounds the following Interrogatories to the Plaintiff to be answered in accordance with the Federal Rules of Civil Procedure:

1. State your correct name, address, date of birth and social security number.

2. State the name and address of all employers for the last ten years.

3. State whether or not you make any claim in this suit for lost wages or income, and if so:

    (a) State the amount of your weekly earnings immediately prior to the incident made the basis of this lawsuit.

    (b) State the amount of lost wages or income you claim were a result of the incident made the basis of this lawsuit.

4. Describe each and every injury received by you for which you claim were the result of the incident made the basis of this lawsuit.

5. State whether you contend that any of your injuries are permanent in nature, and if so:

      (a)      Describe each injury you claim is permanent in nature.

      (b)      State in what manner each respective permanent injury disables you.

      (c)      State what complaints of pain you presently have as a result of each such respective injury.

6      State the name and address of each doctor who has attended or treated you for injuries received in the incident made the basis of this lawsuit. With respect to each such doctor state:

      (a)      Whether you are under their treatment at the present time.

      (b)      What treatment do you expect to receive in the future.

      (c)      State the amount of the bills incurred.

      (d)      State whether or not each respective doctor has been paid, and if so, by whom.

      (e)      Attach to your answers to these interrogatories a copy of all doctors bills for all such treatment.

7.      State whether you were hospitalized as a result of the incident made the basis of this lawsuit, and if so, state:

      (a)      The name and address of each hospital.

      (b)      The amount of the hospital bill.

      (c)      State whether the hospital bill has been paid, and if so, by whom.

      (d)      Attach to your answers to these interrogatories a copy of all bills for all such hospitalizations.

8.      State whether you claim any other expense incurred by you as a result of the incident made the basis of this lawsuit, and if so state:

      (a)      The name and address of the person or company to whom this expense was incurred.

      (b)      The amount of such expense.

      (c)      Attach hereto a copy of the bill for such expense.

   (d) State whether such expense has been paid, and if so, by whom.

 9. State whether, prior to the incident made the basis of this lawsuit, you had ever been injured in any manner, and if so, state:

   (a) The date of each injury.

   (b) The extent of said injury.

   (c) How you were injured.

   (d) Any permanent disability resulting from any said injury.

 10. State the name and address of each doctor and hospital by whom you have been treated during the fifteen (15) years preceding the date of the incident made the basis of this lawsuit.

   (a) Describe the condition or disease for which you were treated or examined, and give the dates of each such treatment or examination.

 11. State whether, subsequent to the incident made the basis of this lawsuit, you have been injured in any manner and, if so, state:

   (a) The date of each such injury.

   (b) The extent of the injury.

 12. State whether you have ever made a claim or filed suit against any person, firm, or corporation on account of personal injuries sustained by you, and if so, state:

   (a) When you made the claim or filed the lawsuit.

   (b) Where you made the claim or filed the lawsuit.

   (c) Against whom you made the claim or filed the lawsuit.

 13. State whether or not you consumed any alcoholic beverages within ten (10) hours prior to the incident made the basis of this lawsuit, and if so, state:

   (a) The type of beverage consumed.

   (b) When you consumed it.

   (c) The quantity consumed by you.

14. State whether any conversation took place between you and any of these defendants or their employees, or anyone else following the incident made the basis of this lawsuit.

    (a) Where such conversation took place.

    (b) The name and address of each person present during such conversation.

    (c) What statements were made by you during the conversation.

    (d) What statements were be made by any of these defendants.

15. Give the name and address of every person for whom plaintiff, or anyone on the plaintiff's behalf, has obtained a statement, either oral or in writing, concerning the facts surrounding the incident complained of in plaintiff's complaint.

16. State whether you expect to call any expert witnesses at the trial of this case, and if so, state:

    (a) The name and address of each such expert.

    (b) The education, experience, and qualifications of each such expert.

    (c) The subject matter upon which each subject expert is expected to testify.

    (d) The subject of the facts and opinions to which the expert is expected to testify.

    (e) A summary of the grounds for each opinion.

17. State the name and address of each person you expect to call as a witness at the trial of this case.

18. State whether you have been arrested for or charged with any criminal offence within the past ten (10) years. If your answer is in the affirmative state:

    (a) The date you were charged or arrested.

    (b) The nature of each offense.

    (c) Whether you are convicted of any offenses and the fine or penalty levied.

4

19.   State the name and the address of each person who has knowledge of the incident made the basis of this lawsuit.

20.   At the time of the incident made the basis of this lawsuit, please state whether you were insured or covered under any type of health or medical insurance, Medicare, Medicaid, automobile insurance policy, or any other collateral source which provided health and/or medical benefit coverage or payments on your behalf to health care providers for any of the injuries or damages you are claiming in this lawsuit, and if so, state:

   a.   The name of the entity or source that made said payment on your behalf, the amount of said payment, and to whom said payment was made;

   b.   The specific expense, injury, damage or treatment said payment was made for;

   c.   Whether you were required to pay a deductible and/or co-pay, or any amount out-of-pocket to said entity or provider, and if so, to whom was payment made, and in what amount.

21.   Whether any entity whatsoever has asserted, filed or has standing to assert or file any lien or subrogation claim pertaining to any proceeds you may receive through the disposition of this lawsuit, and if so, the name of said entity, the amount of said claim, and if a lien has been filed, the county and state where said lien is filed.

*/s/ Daniel S. Wolter*
Daniel S. Wolter (WOL012)
Ashley E. Manning (MAN048)
Attorneys for Defendant
Fred's Stores of Tennessee, Inc.

**OF COUNSEL:**

GAINES, WOLTER & KINNEY, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama 35243
(205) 980-5888

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA SPIVEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| FRED'S INC. | ) ) |
| Defendant. | ) ) |

## ANSWER TO DEFENDANT'S INTERROGATORIES

COMES NOW, Linda Spivey, Plaintiff in the above-referenced matter,

1.  Linda Faulk Spivey.

2.  None.

3.  (a) None
    (b) None

4.  Torn rotator cuff in right shoulder. Damaged nerves in right shoulder.

5.  Yes.

6.  (a)

    | | | |
    |---|---|---|
    | (1) | Baptist Emergency Room | No |
    | (2) | Kathy Middleton – Baptist Tower | Yes |
    | (3) | Dr. Hackman – Jackson Hospital | No |
    | (4) | Dr. Caldwell-Miller – Jackson Hospital | No |
    | (5) | Dr. Hartzog- AL Orthorpedic Specialist | Yes |

    (b)
    (2) Routine Medical Services
    (5) Surgery for torn rotator cuff and damaged nerves.

         (c)    See Documents
         (d)    Yes. Medicaid/Medicare
         (e)    Will Provide

7. No

8. (a) CVS, Narrow Lane and CVS, Greenville
   (b) Will Provide
   (c)
   (d) Yes.

9. NO.

10. None.

11. No.

12. No.

13. No.

14. Another customer and Defendant's cashier.

15. No.

16. No.

17. Ms. Linda Spivey and Dr. Hartzog.

18. No.

19. Employees of Fred's and Ms. Linda Spivey

20. (a) Medicaid and Medicare.
    (b) See Documents
    (c) $1 to $5.

21. Medicaid and Medicare.