IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA SPIVEY, | ) |
| Plaintiff, | ) |
| v. | ) CASE NUMBER: |
| | ) 2:07-CV-594-WHA |
| FRED'S, INC., | ) |
| Defendant. | ) |

**DEFENDANT FRED'S STORES OF TENNESSEE, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Comes Now Defendant, Fred's Stores of Tennessee, Inc. (hereinafter "Fred's"), and files this Response in Opposition to Plaintiff's Motion to Remand. In support thereof, Fred's states as follows:

1. On June 26, 2007, Fred's timely filed a Notice of Removal pursuant to 28 U.S.C.A. §§ 1332, 1441 and 1446. (See Notice of Removal, attached as Exhibit C to Fred's Evidentiary Submission in Support of Memorandum in Support of Motion for Summary Judgment). This case was removed based upon diversity jurisdiction.

2. "After removal, a party may move to remand to state court on the basis of any defect in the removal, including lack of subject matter jurisdiction." Williams v. Wal-Mart Stores, Inc., 534 F. supp. 2d 1239, 1241 (M.D. Ala. 2008). However, "[a] motion based on a removal defect must be made within 30 days after the filing of the notice." Id.; see also Smith v. Atkinson, 24 F.Supp.2d 1266 (M.D. Ala. 1998).

3.  The United States District Court for the Middle District of Alabama has stated that " '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" <u>Williams v. Wal-Mart Stores, Inc.</u>, 534 F. Supp. 2d 1239, 1241 (M.D. Ala. 2008). However, in this case, Plaintiff's Motion to Remand, has been presented to this Court approximately ten months after the Notice of Removal was filed and only after Defendant filed a Motion for Summary Judgment as to all claims in this case.

4.  It is clear Plaintiff seeks to remand this case to prevent this Court from ruling on the pending Motion for Summary Judgment and possibly to allow additional time to conduct further discovery, as the discovery deadline passed on April 30, 2008, per this Court's Scheduling Order entered August 29, 2007. Plaintiff's Motion to Remand should be deemed untimely.

WHEREFORE, PREMISES CONSIDERED, Defendant Fred's Stores of Tennessee, Inc. respectfully requests this Honorable Court enter an Order denying Plaintiff's Motion to Remand and retain jurisdiction in this case.

RESPECTFULLY SUBMITTED this the 1st day of May, 2008.

/s/ Ashley E. Manning
Daniel S. Wolter (WOL012)
Ashley E. Manning (MAN048)
Attorneys for Defendant Fred's Stores of Tennessee, Inc.

**OF COUNSEL:**

Gaines, Wolter & Kinney, P.C.
3500 Blue Lake Drive
Suite 425
Birmingham, AL 35243
(205) 980-5888 Phone
(205) 980-1098 Fax

## CERTIFICATE OF SERVICE

    I hereby certify that on May 1, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jackson B. Harrison, Esq.
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, Alabama 36117

                                           /s/ Ashley E. Manning
                                           OF COUNSEL