IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA SPIVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NUMBER: |
| | ) 2:07-CV-594-WHA |
| FRED'S, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT FRED'S STORES OF TENNESSEE, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Comes Now the Defendant, Fred's Stores of Tennessee, Inc. (hereinafter "Fred's") and submits this Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment. In support thereof, Fred's states as follows:

Spivey has failed to present any evidence that this incident was caused by an act or omission on the part of Fred's. Spivey's affidavit submitted in support of her Response to Defendant's Motion for Summary Judgment fails to establish that Fred's was negligent on November 11, 2006, the date of the incident made the basis of this lawsuit.[1,2] Specifically, Spivey references a conversation with a witness, Bonita Wilson, who claims to have allegedly witnessed pictures and other items fall from shelves at

---

[1] Although Spivey's Response to Defendant's Motion for Summary Judgment references the incident date as November 11, 2007, this appears to be a typographical error as it is undisputed that the alleged incident occurred on November 11, 2006. (See Complaint, p. 2, ¶ 7, attached as Exhibit A to Fred's Evidentiary Submission in Support of Memorandum in Support of Motion for Summary Judgment; see also Deposition of Linda Spivey, p. 21, lines 11, 21-23, attached as Exhibit B to Fred's Evidentiary Submission in Support of Memorandum in Support of Motion for Summary Judgment).

[2] A Motion to Strike the Affidavit of Linda Spivey has been filed contemporaneously herewith on the basis that Spivey's affidavit directly contradicts prior sworn testimony.

Fred's Montgomery, Alabama store location in 2005 and 2006. However, Spivey's affidavit makes no mention of the picture frame at issue in this case. Spivey's affidavit does not establish that Fred's had actual or constructive notice of any alleged dangerous condition involving the picture frame at issue on the date in question nor does it provide evidence that this incident was caused by any act or omission by Fred's or any of its employees. See generally Cloninger v. Wal-Mart Stores, Inc., 794 So. 2d 364 (Ala. 2001) (Affirming judgment on jury verdict in favor of Wal-Mart Stores, Inc. stating the evidence supported a finding that the incident, involving a fan that fell from a store shelf hitting a customer, was not caused by any act or omission of Wal-Mart). Spivey's affidavit simply fails to establish Fred's was negligent on the date of this incident. If determined otherwise, no defendant in a similar case would ever be entitled to summary judgment since a plaintiff could defeat a summary judgment simply by testifying that she was aware of merchandise falling in the store on a prior occasion. In this case, Spivey has offered no evidence to establish that Fred's created or had notice of any alleged dangerous condition on its premises on the date in question. Fred's is entitled to the entry of summary judgment in its favor.

RESPECTFULLY SUBMITTED this the 1st day of May, 2008.

/s/ Ashley E. Manning
Daniel S. Wolter (WOL012)
Ashley E. Manning (MAN048)
Attorneys for Defendant Fred's Stores of Tennessee, Inc.

**OF COUNSEL:**

Gaines, Wolter & Kinney, P.C.
3500 Blue Lake Drive
Suite 425
Birmingham, AL 35243
(205) 980-5888 Phone
(205) 980-1098 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jackson B. Harrison, Esq.
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, Alabama 36117

/s/ Ashley E. Manning
OF COUNSEL