IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA SPIVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NUMBER: |
| | ) 2:07-CV-594-WHA |
| FRED'S, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT FRED'S STORES OF TENNESSEE, INC.'S SUPPLEMENT TO RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

COMES NOW the Defendant, Fred's Stores of Tennessee, Inc. (hereinafter "Fred's"), and in compliance with this Court's Order, entered May 2, 2008, supplements its Response in Opposition to Plaintiff's Motion to Remand as follows:

1. Plaintiff Linda Spivey's Complaint (hereinafter "Spivey") sets forth claims for negligence and negligent infliction of emotional distress against Fred's. (See Complaint, attached as Exhibit A to Fred's Evidentiary Submission in Support of Memorandum in Support of Motion for Summary Judgment). Spivey seeks damages for bodily damage and pain and suffering. (Exhibit A, attached to Fred's Evidentiary Submission in Support of Memorandum in Support of Motion for Summary Judgment, p. 2 ¶ 10). Spivey further seeks compensatory *and* punitive damages against Fred's. (Exhibit A, attached to Fred's Evidentiary Submission in Support of Memorandum in Support of Motion for Summary Judgment, p. 3, ¶ 14)(emphasis added). Additionally, Spivey seeks an "award of costs, attorney's fees and expenses as may be permitted by law or equity." (Exhibit A, attached

to Fred's Evidentiary Submission in Support of Memorandum in Support of Motion for Summary Judgment, p. 4). Spivey's Complaint makes an unspecified demand for damages. (Exhibit A, attached to Fred's Evidentiary Submission in Support of Memorandum in Support of Motion for Summary Judgment).

2. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F. 3d 1316, 1319 (11th Cir. 2001); see also Tapscott v. MS Dealer Service Corp., 77 F. 3d 1353, 1357 (11th Cir. 1996) (overruled on other grounds, Cohen v. Office Depot, Inc., 204 F. 3d 1069 (11th Cir. 2000) (stating "we hold that where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement.").

2. According to Spivey's own testimony, she has been treated by the following medical providers as a result of this incident: (1) Baptist Medical Center; (2) Dr. Catherine Middleton; (3) Dr. John Hackman; (4) Dr. Charles Hartzog; (5) Greenville Hospital; and (6) Dr. Paul Caldwell-Miller. (See Deposition of Linda Spivey, attached as Exhibit B to Fred's Evidentiary Submission in Support of Memorandum in Support of Motion for Summary Judgment, p. 53, lines 6-23, p. 55, lines 15-23, p. 56, lines 16-23, p. 57, lines 2-18, p. 58, lines 1-23, p. 64, lines 8-19, p. 69, lines 2-23). She has undergone diagnostic testing, including x-rays, an MRI, a bone scan and a nerve test. (Deposition of

Linda Spivey, attached as Exhibit B to Fred's Evidentiary Submission in Support of Memorandum in Support of Motion for Summary Judgment, p. 53, lines 17-19, p. 56, lines, 6-10, p. 57, lines 2-18). Spivey was diagnosed with a torn rotator cuff. (Deposition of Linda Spivey, attached as Exhibit B to Fred's Evidentiary Submission in Support of Motion for Summary Judgment, p. 57, lines 14-18). Spivey maintains she has taken pain medicine (hydrocodone) since the date of this incident. (Deposition of Linda Spivey, attached as Exhibit B to Fred's Evidentiary Submission in Support of Memorandum in Support of Motion for Summary Judgment, p. 59, lines 4-23). She has also received injections in her shoulder. (Deposition of Linda Spivey, attached as Exhibit B to Fred's Evidentiary Submission in Support of Motion for Summary Judgment, p. 58, lines 11-21). Spivey underwent physical therapy for six weeks during 2007. (Deposition of Linda Spivey, attached as Exhibit B to Fred's Evidentiary Submission in Support of Motion for Summary Judgment, p. 64, lines 5-23). Further, Spivey's treating physician, Dr. Charles Hartzog, has recommended surgery for Spivey's shoulder. (Deposition of Linda Spivey, attached as Exhibit B to Fred's Evidentiary Submission in Support of Motion for Summary Judgment, p. 60, lines 7-11, p. 62, lines 12-15).

3. Spivey has been treated by numerous medical providers as a result of this incident. Spivey's treating physician has recommended she undergo surgery for a torn rotator cuff. Spivey claims to have suffered severe emotional distress as a result of this incident and also seeks an award of punitive damages in this case. Therefore, this Court should determine the amount in controversy exceeds $75,000.00 such that this Court may exercise diversity jurisdiction in this case.

WHEREFORE, PREMISES CONSIDERED, Defendant Fred's Stores of Tennessee, Inc. respectfully requests this Honorable Court deny Plaintiff's Motion to Remand and retain jurisdiction in this case.

RESPECTFULLY SUBMITTED this the 8th day of May, 2008.

/s/ Ashley E. Manning
Daniel S. Wolter (WOL012)
Ashley E. Manning (MAN048)
Attorneys for Defendant Fred's Stores of Tennessee, Inc.

**OF COUNSEL:**

Gaines, Wolter & Kinney, P.C.
3500 Blue Lake Drive
Suite 425
Birmingham, AL 35243
(205) 980-5888 Phone
(205) 980-1098 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jackson B. Harrison, Esq.
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, Alabama 36117

/s/ Ashley E. Manning
OF COUNSEL