UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED

2008 MAY 15  P 1:06

| | | |
|---|---|---|
| LINDA SPIVEY | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CASE NO. 2:07-CV-594-WHA |
| FRED'S, INC. | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO THE DEFENDANT'S
MOTION TO STRIKE**

COMES NOW, the Plaintiff, Linda Spivey, by and through undersigned counsel, and submits the Plaintiff's Response to the Defendant's Motion To Strike. In support of stated Response the Plaintiff states as follows:

1) The Defendant has asserted that the Plaintiff in submitting her Affidavit to this Court has contradicted her Responses to the Defendant's Interrogatories and her sworn testimony in her deposition. The Defendant asserts that the Plaintiff clearly never disclosed this information either in her deposition or her Responses to Interrogatories.

2) The Defendant assertions are wrong and have no foundation in the truth.

3) The Plaintiff did truthfully testify in her deposition and her Responses to Interrogatories that she had not discussed this incident with anyone or obtained any statements from any other person.

4) The Plaintiff provided her Responses to the Defendant on March 10, 2008.

5) The Plaintiff gave her sworn testimony in her deposition on March 12, 2008.

6)  The Plaintiff learned the new facts and evidence from Ms. Bonita Wilson on March 18, 2008. The Plaintiff discussed her experience in the deposition with Ms. Wilson and Ms. Wilson disclosed to the Plaintiff the facts and evidence disclosed in the Plaintiff's Affidavit.

7)  This new evidence clearly is relevant and properly before this Court.

8)  The Plaintiff's Affidavit does not conflict, as the Defendant asserts, with her Interrogatory Responses or her sworn testimony in her deposition.

9)  There is no rule of law or procedure that prevents the Plaintiff from presenting new evidence to this Court after she responds to Interrogatories or testifies in a deposition. In fact an affidavit is a proper form to present evidence in any judicial proceeding.

10) The case law cited by the Defendant in her Motion to Strike, Shows v. Mayfield Oil Co., Inc., 743 So. 2d 465 (Ala. Civ. App. 1999) and Lady Corinne Trawlers, Inc. v. Zurich Ins. Co., 507 So. 2d 915, 917-918 (Ala. 1987) is not relevant to the issue of whether the Plaintiff can present new, relevant evidence in the form of an affidavit.

WHEREFORE the Plaintiff requests that this Honorable Court deny the Defendant's Motion to Strike.

Respectfully submitted this the 15th day of May, 2008.

Jackson B. Harrison (HAR285)
Attorney for Plaintiff

OF COUNSEL:
The Harrison Firm, LLC
8425 Crossland Loop
Montgomery, AL 36117
(334) 819-8920
(334) 819-8923 fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following persons by means of delivery shown below and to the location designated, properly addressed and delivery charges prepaid on this the 15th day of May, 2008, viz:

DANIEL S. WOLTER, ESQ.
ASHLEY MANNING, ESQ.
GAINES, WOLTER & KINNEY, P.C.
3500 BLUE LAKE DR.
SUITE 425
BIRMINGHAM, AL 35243

[ xx ] U.S. MAIL    [ ] HAND DELIVERY    [ ] FACSIMILE    [ ] FEDEX

_____
OF COUNSEL