IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LINDA SPIVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:07cv594-WHA |
| | ) | (WO) |
| | ) | |
| FRED'S INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. FACTS AND PROCEDURAL HISTORY**

This case is before the court on a Motion for Summary Judgment filed by Defendant Fred Stores of Tennessee, Inc. (Doc. # 18), and a Motion to Remand filed by the Plaintiff, Linda Spivey (Doc. #22).

The Plaintiff originally filed a Complaint bringing state law claims for negligence and negligent infliction of emotional distress against the Defendant in the Circuit Court of Montgomery County, Alabama.

Facts submitted by the parties in connection with the Motion for Summary Judgment establish that the Plaintiff, Linda Spivey ("Spivey"), was shopping at a store operated by the Defendant, Fred's Inc. ("Fred's"). She was walking toward a rack which was located close to a wall. She stopped and then heard a loud noise. She testified that she looked up and a picture frame fell down, hitting her on the face and shoulder. She states that she was six to eight feet from the wall where a shelf with picture frames was located and that her shopping cart was

between her and the wall. She states that there were no customers or store employees in the area when the incident occurred. She has testified in her deposition that she received medical treatment as a result of this incident and will require future surgery. She did not specify an amount of damages in her Complaint.

The case was removed to federal court on the basis of diversity jurisdiction, which requires complete diversity of parties, and an amount in controversy which exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. In the Notice of Removal, with regard to the amount in controversy, Fred's stated simply that Spivey seeks damages for bodily damage and pain and suffering, including punitive damages and costs, fees, and expenses, and that the amount in controversy exceeds $75,000. *See* Doc. #1.

Although no motion to remand was filed within thirty days of removal, this court requested responses from the parties as to the existence of subject matter jurisdiction in this case because the law requires that if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Spivey has responded to this court's Order by moving to remand on the basis that the requisite amount is not in controversy for the exercise of diversity jurisdiction. Spivey states that she demands judgment in an amount not exceeding $75,000. The Complaint in this case, however, seeks an unspecified amount of damages.

Initially, Fred's responded that Spivey's motion to remand was untimely. While a motion to challenge the propriety of removal must be made within 30 days, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). When again given additional time by the court to respond to

the issue of subject matter jurisdiction, Fred's responded with evidence from Spivey's deposition.

For reasons to be discussed, the case is due to be REMANDED for lack of subject matter jurisdiction.

### III.  DISCUSSION

Because this case was first filed in state court and removed to federal court by Fred's, Fred's bears the burden of proving that diversity subject matter jurisdiction exists. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Where, as in this case, the plaintiff fails to plead a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement, which in this case is $75,000.  *See id.*

The Notice of Removal, which sets forth no factual basis for the amount in controversy but merely includes a conclusory allegation that more than $75,000 is at issue and identifies the claims Spivey alleges, is not sufficient by itself to establish that the requisite jurisdictional amount exists in this case.  *See id.*

In *Williams*, 269 F.3d at 1319, a case involving a slip and fall at a store, the plaintiff alleged permanent physical and mental injuries. The case was removed and no motion to remand was filed. The district court granted a motion for summary judgment and the Eleventh Circuit sua sponte raised the issue of subject matter jurisdiction. The court stated that the removing defendant bears the burden of establishing the jurisdictional amount and that a conclusory allegation in the notice of removal without setting forth underlying facts is insufficient.  *Id.* at 1319-20. The court noted that it was conceivable that the amount in

controversy was met, because the plaintiff demanded special and punitive damages for permanent physical and mental injuries and substantial medical expenses, but those allegations were not themselves sufficient. *Id.* at 1320. Instead, the court required further factual development. *Id.* at 1321.

Although the Eleventh Circuit in *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007), has recently narrowed the scope of evidence a court may consider in its jurisdictional inquiry when there is a motion to remand filed within 30 days of removal of a diversity case,[1] in this case, Spivey did not move to remand within the thirty days after removal. "In considering . . . later challenges to jurisdiction, the court may look to any relevant information the parties may present, up until the time of challenge to jurisdiction." *Id.* at 1214 n. 64; *see also Williams*, 269 F.3d at 1319. Therefore, in addition to the Notice of Removal, the court may examine Fred's submitted evidence.

In response to this court's Order to respond to the issue of the amount in controversy in this case, Fred's has attempted to meet its burden by citing to testimony from the Plaintiff, Spivey, that she has nerve damage in her arm, that she has had medical treatment, has continuing pain, and will have to have surgery to repair a torn rotator cuff as a result of the incident at issue in this case. Additionally, although Spivey alleged a claim for negligent infliction of emotional distress, which is not cognizable under Alabama law, *see Allen v. Walker*, 569 So. 2d 350, 352 (Ala. 1990), Fred's has interpreted this to be a claim which would allow for the award of punitive damages.

---

[1] Although *Lowery* itself involved the Class Action Fairness Act ("CAFA"), it interprets general removal statutes and has been applied by courts outside of the CAFA context. *See*, *e.g.*, *Bankhead v. Am. Suzuki Motor Corp.*, 529 F. Supp. 2d 1329 (M.D. Ala. 2008).

In portions of her deposition not cited by Fred's, Spivey states that her out-of-pocket expenses are co-pays for "several" doctor visits in the amount of $3-$5 each visit, Spivey Dep. page 76: 8-77:77:1, and that she has incurred $2-$3 co-pays for an unspecified number of prescriptions filled at two pharmacies. *Id.* at page 79:2-3; page 86: 7-9.

The Eleventh Circuit has indicated, albeit in an unpublished opinion, that if the defendant wishes to rely on the nature of damages sought to meet its burden in a case in which the jurisdictional issue is raised after the thirty-day period following removal, there must be a quantifiable amount to satisfy the preponderance of the evidence standard. *See Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 Fed. Appx. 480, 482, 2005 WL 3096631 (11th Cir. 2005). In *Allen*, the notice of removal included a specified amount, $66,678.65, for one component of the damage request. The court concluded that the defendant met its burden "[i]n the light of the quantified damages approaching the jurisdictional amount by themselves, together with the specification of additional other damages claimed, and combined with Plaintiffs's representations before trial that no question existed about the district court's jurisdiction . . . ." *Id.* at *2. In so reasoning, the *Allen* court concluded that, unlike in *Williams*, further facts were not needed to meet the burden of proving the amount in controversy. *Id.*

Fred's has essentially asked this court to speculate from testimony about Spivey's medical treatment and the need for future surgery that there is a quantifiable amount of damages which, when combined with damages for mental anguish and/or punitive damages, exceeds the jurisdictional amount. This court is not permitted to speculate as to the amount of damages in evaluating whether the jurisdictional amount has been met. *See Lowery*, 483 F.3d at 1215; *Williams*, 269 F.3d at 1320. Despite Fred's having been given two opportunities by this court to

present evidence to meet its burden of establishing subject matter jurisdiction, Fred's has not provided the court evidence of a monetary amount. *See Allen*, 155 Fed. Appx. at 481 (noting that in *Williams* the court asked the parties to brief the jurisdictional amount but Best Buy offered no evidence of amount and therefore initially failed to meet its burden). The only evidence of quantified damages before the court is evidence provided, but not cited, by Fred's that Spivey incurred expenses in the form of several $3-$5 and two $2-$3 co-pays. That quantified amount is not enough to approach the jurisdictional amount itself, therefore, this court cannot conclude, as the *Allen* court did, that the quantified damages in combination with the additional damages claimed has been proven by a preponderance of the evidence to exceed $75,000. *See id.* at 482. Consequently, this court has no choice but to discharge its obligation to evaluate the existence of subject matter jurisdiction and conclude that Fred's has failed to meet its burden to establish by a preponderance of the evidence that the requisite jurisdictional amount exists in this case.

## IV. CONCLUSION

For the reasons stated above, Fred's has failed to establish by a preponderance of the evidence that subject matter jurisdiction exists in this case. Accordingly, the Motion to Remand is due to be GRANTED because this court lacks subject matter jurisdiction.[2] A separate Order will be entered in accordance with this Memorandum Opinion.

Done this 20th day of May, 2008.

---

[2] In light of this court's determination on the subject matter jurisdiction issue, the court may not reach the disposition of the motion for summary judgment.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE